SHAUN J. VOIGT, SBN 265721
svoigt@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT B. HALL, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; GHG CORPORATION, a Nevada Corporation; and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No:<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE AND PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>*[Filed concurrently with Declaration of Shaun J. Voigt, Esq., Declaration of Matthew Endlish, Declaration of Hardeep Mangat, Civil Cover Sheet, Notice of Related Cases, Corporate Disclosure Statement, Certificate of Interested Parties and Notice to Adverse Party of Removal of Action to Federal Court]*<br><br>Complaint Filed:   August 2, 2019<br>Trial Date:        None Set |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2  THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ROBERT

3  B. HALL AND HIS COUNSEL OF RECORD:

4    PLEASE TAKE NOTICE that Defendants, FEDEX GROUND PACKAGE

5  SYSTEM, INC. ("FedEx Ground"), through its counsel of record, respectfully

6  petitions for removal of the action filed by Plaintiff ROBERT B. HALL

7  ("Plaintiff") from the Superior Court of the State of California, in and for the

8  County of Los Angeles, Case No. 19STCV26934, to the United States District

9  Court for the Central District of California (Western Division).  This removal is

10  based on the distinct grounds of diversity jurisdiction pursuant to 28 U.S.C. §§

11  1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446.  This Petition for

12  Removal is supported by the Declaration of Matthew Endlish, the Declaration of

13  Shaun J. Voigt, Esq. and supporting exhibits filed concurrently herewith.  The basis

14  for removal is complete diversity of citizenship and FedEx Ground provides the

15  following information in support thereof:

16              **FACTUAL AND PROCEDURAL BACKGROUND**

17    1.    On August 2, 2019, Plaintiff filed an unverified Complaint for

18  Damages ("Complaint") in the Superior Court of the State of California, County of

19  Los Angeles, identified as Case No. 19STCV26934, *Robert B. Hall, individually*

20  *and on behalf of all others similarly situated, v. Fedex Ground Package System,*

21  *Inc., a Delaware corporation; GHG Corporation, a Nevada Corporation; and*

22  *Does 1 through 100, inclusive, Defendants* ("State Court Action").  Declaration of

23  Shaun J. Voigt ("Voigt Decl.") ¶ 2.  A true and correct copy of the Complaint is

24  attached to the Petition for Removal as **Exhibit 1**.

25    2.    In his Complaint, Plaintiff alleges ten causes of action against FedEx

26  Ground: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide

27  Required Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay

28  Minimum Wage; (5) Failure to Pay All Wages Due to Discharged or Quitting

2

Employees; (6) Failure to Maintain Required Records; (7) Failure to Provide Accurate Itemized Wage Statements; (8) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; (9) Unlawful Deductions from Wages; and (1) Unfair and Unlawful Business Practices.  Voigt Decl. ¶ 3; *see* **Ex. 1**.  Plaintiff seeks damages on his own behalf, and on behalf of a putative class defined as "all current and former drivers of DEFENDANT FEDEDX GROUND PACKAGE SYSTEM, INC. who drove in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." **Ex. 1** at ¶ 5.

3.     In the Complaint, Plaintiff seeks compensatory damages, restitution, meal and rest period compensation pursuant to Labor Code section 226.7, liquidated damages pursuant to Labor Code section 1194.2, a preliminary and permanent injunction against Defendants, waiting time penalties pursuant to Labor Code section 203, statutory and civil penalties including but not limited to penalties authorized by Labor Code section 226, interest on the allegedly unpaid wages at 10% per annum, reasonable attorneys' fees and costs, declaratory relief, class certification of his first through tenth causes of action, and such other and further relief that the Court may deem just and proper.  Voigt Decl. ¶ 3; *see generally,* **Ex. 1**; see also Prayer for Relief at ¶¶ 1-14.

4.     On September 17, 2019, Plaintiff served CT Corporation, FedEx Ground's agent for service of process, with the Complaint as well as (1) Summons; (2) Civil Case Cover Sheet; (3) Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment for Courthouse Location); (4) Voluntary Efficient Litigation Stipulations; (5) Alternative Dispute Resolution (ADR) Information Package; (6) Notice of Case Assignment; and (7) Court Order Regarding Newly Filed Class Actions.  True and correct copies of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment for Courthouse Location),

DEFENDANT FEDEX GROUND'S NOTICE AND PETITION FOR REMOVAL [28 U.S.C. §§ 1332, 1441(B)
FP 36280611.2

19674

Voluntary Efficient Litigation Stipulations, (5) Alternative Dispute Resolution (ADR) Information Package, Notice of Case Assignment, and Court Order Regarding Newly Filed Class Actions are collectively attached to the Petition for Removal as **Exhibit 2**. Voigt Decl. ¶ 4. A true and correct copy of the Proof of Service of Summons filed in the State Court Action is attached to the Petition for Removal as **Exhibit 3**.

5.     To FedEx Ground's knowledge, Defendant GHG CORPORATION ("GHG Corp.") was served with the Complaint on or about October 11, 2019. GHG Corp. has expressly consented to the removal of this action. Voigt Decl. ¶ 5.

6.     Defendants "DOES 1 through 100, inclusive" have not been identified and there is no record that any Doe defendants have been served with the Summons or the Complaint in the State Court Action. Voigt Decl. ¶ 5.

7.     FedEx Ground filed an Answer to Plaintiff's Complaint on October 16, 2019. Voigt Decl. ¶ 6. A true and correct copy of FedEx Ground's Answer to Plaintiff's Complaint is attached to the Petition for Removal as **Exhibit 4**.

8.     On October 4, 2019, Plaintiff filed a Status Conference Statement in the State Court Action. On October 10, 2019, a Notice Re: Continuance of Hearing and Order was issued. A true and correct copy of the Status Conference Statement and the Notice Re: Continuance of Hearing and Order is attached to the Petition for Removal as **Exhibit 5.**

9.     No further proceedings have been had in the state court as of the date of this Notice and no case management conference has been held. Voigt Decl. ¶ 7. The Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment for Courthouse Location), Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Assignment, Court Order Regarding Newly Filed Class Actions, FedEx Ground's Answer to Plaintiff's Complaint, the Status Conference Statement, and the Notice Re:

1  Continuance of Hearing and Order constitute all process, pleadings and orders

2  served upon or by FedEx Ground in the State Court Action.  Voigt Decl. ¶ 8.  By

3  signing this Petition for Removal, counsel for FedEx Ground verifies that the items

4  attached as **Exhibits 1, 2, 3, 4,** and **5** to the Petition for Removal are true and

5  complete copies of the process, pleadings and orders in the State Court Action.

6    10.    This removal is timely filed as required by 28 U.S.C. section 1446(b)

7  because it has been filed within 30 days of the date of first service of the State Court

8  Action on FedEx Ground, which was September 17, 2019, and within one year of

9  the date the State Court Action was filed.

10                          **DIVERSITY JURISDICTION**

11    11.    **Basis of Original Jurisdiction.**  This Court has original jurisdiction

12  over this action pursuant to 28 U.S.C. section 1332(a)(1).  As set forth below, 28

13  U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions

14  where the matter in controversy exceeds the sum or value of $75,000, exclusive of

15  interest and costs, and is between citizens of different states.  This case meets all

16  of the diversity statute's requirements for removal and is timely and properly

17  removed by the filing of this Notice.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.

18    12.    **Complete Diversity.**  Diversity of citizenship exists in this matter

19  because FedEx Ground is incorporated in the State of Delaware and its principal

20  place of business is Moon Township, in the Commonwealth of Pennsylvania

21  (Declaration of Matthew Endlish ¶¶ 4-6 ("Endlish Decl.")).   GHG Corp. is

22  incorporated in the State of Nevada, and its principal place of business is in Nevada.

23  Plaintiff is a California citizen.  **Ex. 1** at ¶¶ 1, 8.

24    13.    **Plaintiff's Citizenship.**  Based on the allegations in Plaintiff's

25  Complaint, Plaintiff was a citizen and resident of the County of Los Angeles in the

26  State of California at the time this action commenced and at the time of removal.

27  **Ex. 1** at ¶ 1.  The presumption of continuing domicile provides a legal presumption

28  that Plaintiff is still a resident of the State of California. *Mondragon v. Capital One*

*Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted . . . . This presumption has been widely accepted, including by this [the Ninth] circuit.").  For removal purposes, citizenship is measured both when the action is filed and removed.  *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For diversity purposes, a person is a citizen of the State where he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013), citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile.").  Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

14.   **FedEx Ground's Citizenship.**   At the time Plaintiff filed the Complaint in the Los Angeles County Superior Court, FedEx Ground was (and remains) a citizen of States other than California.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located).  FedEx Ground is incorporated in the State of Delaware.  Endlish Decl. ¶ 5.  Under the "nerve center" test, FedEx Ground's "principal place of business" is Moon Township, Pennsylvania:

a.   FedEx Ground maintains its headquarters in Moon Township, Pennsylvania.  Endlish Decl. ¶ 6.

b.   Moon Township, Pennsylvania is where FedEx Ground's

1   officers direct, control and coordinate FedEx Ground's business activities.

2   Endlish Decl. ¶ 6.

3   c.   FedEx   Ground's   headquarters   in   Moon   Township,

4   Pennsylvania   is   the   location   of   FedEx   Ground's   executive   and

5   administrative offices, including its corporate finance, accounting, human

6   resources, information technology and legal departments.  Endlish Decl. ¶ 6.

7   d.   FedEx   Ground's   headquarters   in   Moon   Township,

8   Pennsylvania is the location of FedEx Ground's senior executives, including

9   FedEx Ground's chief executive officer, chief operating officer, chief

10   financial officer and FedEx Ground's general counsel.  Endlish Decl. ¶ 6.

11   15.   **GHG Corporation's Citizenship**.   At the time Plaintiff filed the

12   Complaint in the Los Angeles County Superior Court, GHG Corp. was (and

13   remains) a citizen of States other than California.  Pursuant to 28 U.S.C. section

14   1332(c), "a corporation shall be deemed to be a citizen of any State by which it has

15   been incorporated and of the State where it has its principal place of business."  *See*

16   *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that

17   a corporation's principal place of business, or "nerve center," will typically be

18   where its headquarters is located).   GHG Corp. is incorporated in the State of

19   Nevada.  **Ex. 1** at ¶¶ 1, 8; Declaration of Hardeep Mangat ("Mangat Decl."), at ¶¶

20   3-4.  Under the "nerve center" test, GHG Corp.'s "principal place of business" is

21   Las Vegas, Nevada.  Mangat Decl., at ¶¶ 3-5.

22   16.   **Doe Defendants Are Disregarded For Purposes Of Removal.**

23   Defendants DOES 1 through 100, inclusive, are fictitious.  The Complaint does not

24   set forth the identity or status of any of the fictitious defendants, nor does it set

25   forth any charging allegation against any fictitious defendant.  Pursuant to 28

26   U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants

27   should be disregarded for purposes of establishing removal jurisdiction under 28

28   U.S.C. section 1332.  *Dedal v. Covenant Aviation Security LLC* (N.D. Cal., July 9,

7

1  2019, No. 19-CV-01842-JD) 2019 WL 2996389, at *1 citing *Newcombe v. Adolf*
2  *Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Bryant v. Ford Motor Co.*, 886
3  F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that
4  doe defendants should not defeat diversity jurisdiction."); *Fristos v. Reynolds*
5  *Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not
6  required to join in a removal petition). Thus, the existence of the Doe defendants
7  does not deprive this Court of jurisdiction.

8      17.    Based on the foregoing, Plaintiff and FedEx Ground and GHG Corp.
9  are citizens of different States.  28 U.S.C. § 1332(d)(2)(A).

10                              **AMOUNT IN CONTROVERSY**

11      18.    **The Amount In Controversy Exceeds $75,000.**  Plaintiff does not
12  specify a damages sum in his Complaint. Where, as here, the Complaint does not
13  specify the amount in controversy, the defendant must show "by a preponderance
14  of the evidence, that the amount in controversy exceeds the statutory amount."
15  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Abrego v. The*
16  *Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Rodriguez v. AT & T Mobility*
17  *Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013).  In other words, this Court may
18  consider whether it is facially apparent from the Complaint that it is more likely
19  than not that the jurisdiction amount of $75,000 is in controversy.  *Singer v. State*
20  *Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v.*
21  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Notably, FedEx
22  Ground is not obligated to "research, state, and prove the plaintiff's claims for
23  damages." *Singer*, 116 F.3d at 377.   The amount in controversy for jurisdictional
24  purposes is determined by the amount of damages at issue at the time of removal.
25  *Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3rd Cir.
26  1999). Any past or future attorneys' fees to which a party might be entitled under
27  a contract or statute are also part of the amount in controversy. *Fritsch v.  Transp.*
28  *Co. of Ariz., LLC* 899 F.3d 785, *788* (9th Cir. 2018).

DEFENDANT FEDEX GROUND'S NOTICE AND PETITION FOR REMOVAL [28 U.S.C. §§ 1332, 1441(B)
FP 36280611.2

19674

19.     Meeting the $75,000.00 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state court action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) (*Dart*). The failure of the complaint to specify the total amount of damages or other monetary relief sought by the plaintiff does not deprive federal courts of jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account the plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim[]"). Supporting evidence is only required if the plaintiff contests, or the district court questions, the allegations contained within the removal notice. *See, e.g., Dart*, 135. S. Ct. at 554.; *Singer*, 116 F.3d at 376.

20.     FedEx Ground adamantly denies Plaintiff's allegations, denies any liability, denies employing Plaintiff, and denies that Plaintiff has suffered any damages attributable to it in this action. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001

(C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citation omitted). The ultimate inquiry is what amount is put in controversy by the complaint, not what the amount of the defendant's liability (if any) will ultimately be.

21.     The Ninth Circuit has held "that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Ponce v. Medical Eyeglass Center Inc.*, 2015 WL 4554336, *2 (C.D. Cal. July 27, 2015). "[A] conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination." *Id.* at *7. *See also Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (2002) ("[F]ees necessarily accrue until the action is resolved … the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred."). Attorneys' fees in California wage-hour class actions may total hundreds of thousands of dollars and greatly exceed $75,000.00. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal.App.4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class case, but reversing as to multiplier).

22.     The claims and allegations in Plaintiff's Complaint make it clear that the amount in controversy will more likely than not exceed $75,000.00. First, Plaintiff has clearly marked the case as <u>unlimited</u> jurisdiction, which means the amount in controversy is at least exceeds $25,000.00. *See* **Ex. 1**. Second, Plaintiff

DEFENDANT FEDEX GROUND'S NOTICE AND PETITION FOR REMOVAL [28 U.S.C. §§ 1332, 1441(B)
FP 36280611.2

seeks judgment against FedEx Ground for over four (4) years of unpaid minimum and overtime wages, penalties for inaccurate wage statements, waiting-time penalties, meal and rest period premiums, unlawful deductions, liquidated damages, declaratory relief, a preliminary and permanent injunction, and attorneys' fees and costs. *See generally,* **Ex. 1 at ¶¶** 24-74; Prayer for Relief, ¶¶ 1-14. Although FedEx Ground denies Plaintiff's claims and his unspecified requests for relief thereon, the facial allegations in the Complaint and the nature of the allegations and damages sought make it more likely than not that the amount in controversy is well in excess of $75,000.00 for Plaintiff, individually.

23.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and including attorney fees, easily exceeds the minimum threshold of $75,000, exclusive of costs and interest.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

24.    **Venue and Intradistrict Assignment.**  Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending).  This Court (the Western Division of the Central District of California) embraces the Los Angeles County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending.  Accordingly, this Court is the appropriate court to which to remove this action.

25.    **Notice of Removal.**  As required by 28 U.S.C. section 1446(d), a copy of the Notice and Petition for Removal will be attached to a pleading entitled Notice to Adverse Parties and State Court of Defendant FedEx Ground Package System,

19674

Inc.'s Filing of Petition for Removal and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

26.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on FedEx Ground or filed by FedEx Ground are attached to the Petition for Removal as **Exhibits 1, 2, 3, 4,** and **5**.

## CONCLUSION

Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California, FedEx Ground is a citizen of Delaware, and GHG Corp. is a citizen of Nevada.  Furthermore, the amount in controversy exceeds $75,000, exclusive of costs and interest.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and FedEx Ground has properly removed the State Court Action to this Court.  FedEx Ground reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

## PRAYER FOR REMOVAL

WHEREFORE, FedEx Ground prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division).

DATE:  October 15, 2019                    Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/Shaun J. Voigt
SHAUN J. VOIGT
Attorneys for Defendant
FEDEX GROUND PACKAGE
SYSTEM, INC.

DEFENDANT FEDEX GROUND'S NOTICE AND PETITION FOR REMOVAL [28 U.S.C. §§ 1332, 1441(B)

FP 36280611.2

19674

# EXHIBIT 1

# COPY

### By Fax

1  THE KICK LAW FIRM, APC
   Taras Kick (State Bar No. 143379)
2  (Taras@kicklawfirm.com)
   Daniel J. Bass (State Bar No. 287466)
3  (Daniel@kicklawfirm.com)
   815 Moraga Drive
4  Los Angeles, California 90049
   Telephone:  (310) 395-2988
5  Facsimile:   (310) 395-2088

6  Attorneys for Plaintiff ROBERT B. HALL,
   individually, and on behalf of all others
7  similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES

11

12  ROBERT B. HALL, individually, and on
    behalf of all others similarly situated,

13              Plaintiff,

14        vs.

15  FEDEX GROUND PACKAGE SYSTEM,
    INC., a Delaware Corporation; GHG
16  CORPORATION, a Nevada Corporation; and
    DOES 1 through 100, inclusive,
17
18              Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO.:  19STCV26934

**CLASS ACTION**

**COMPLAINT:**

1. Failure to Provide Required
   Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wage
5. Failure to Pay All Wages Due to
   Discharged or Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Provide Accurate Itemized
   Statements
8. Failure to Indemnify Employees for
   Necessary Expenditures Incurred in
   Discharge of Duties
9. Unlawful Deductions from Wages
10. Unfair and Unlawful Business Practices

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

1

**INTRODUCTION**

PLAINTIFF ROBERT B. HALL ("PLAINTIFF") an individual, demanding a jury trial, on behalf of himself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; GHG CORPORATION, a Nevada Corporation; and DOES 1 through 50 inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.      Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Los Angeles where Defendant FEDEX GROUND PACKAGE SYSTEM, INC. maintains its principal business office in California, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Los Angeles.

**PLAINTIFF**

3.      PLAINTIFF is a former driver for DEFENDANTS who was misclassified by DEFENDANTS as an independent contractor under various titles including "Long Haul Contractor," "L/H Contractor" and "vendor." Specifically, PLAINTIFF drove a truck bearing the name, logo and Department of Transportation registration of Defendant FEDEX GROUND PACKAGE SYSTEM, INC. under the direction of DEFENDANTS.

4.      PLAINTIFF, on behalf of himself and other similarly situated current and former drivers who drove FEDEX GROUND PACKAGE SYSTEM, INC. trucks in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum

CLASS ACTION COMPLAINT

wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.     PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former drivers of DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. who drove in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

6.     PLAINTIFF and the CLASS MEMBERS rendered services to DEFENDANTS from which DEFENDANTS derived benefit. DEFENDANTS, however, failed to properly compensate PLAINTIFF and CLASS MEMBERS for such services in compliance with California law.  Specifically, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. maintains a scheme of contractual agreements with smaller business entities, including but not limited to DEFENDANT GHG CORPORATION, to employ misclassified drivers, increase profits, avoid paying benefits, avoid relevant taxes, and force PLAINTIFF and CLASS MEMBERS to absorb various operating costs.

**DEFENDANTS**

7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC is, and at all times relevant hereto was, a Delaware corporation organized and existing under the laws of the State of Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California where it

CLASS ACTION COMPLAINT

1   maintains its Principal business office in California.

2       8.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

3   GHG CORPORATION is, and at all times relevant hereto was, a Nevada corporation organized

4   and existing under the laws of the State of Nevada.  PLAINTIFF is further informed and believes,

5   and thereon alleges, that DEFENDANT GHG CORPORATION conducts business in the State of

6   California, but is not a registered business with the California Secretary of State.  Specifically,

7   DEFENDANT GHG CORPORATION maintains drivers and driving routes to, from and within

8   the State of California and conducts business in, and engages in illegal payroll practices or

9   policies in the State of California.

10      9.   The true names and capacities of DOES 1 through 100, inclusive, are unknown to

11  PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious

12  names.  PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT

13  designated as a DOE is highly responsible in some manner for the events and happenings referred

14  to herein, and legally caused the injuries and damages alleged in this Complaint.  PLAINTIFF

15  will seek leave of the court to amend this Complaint to allege their true names and capacities

16  when ascertained.  The DEFENDANTS, and each of them, were alter egos of each other and/or

17  engaged in an integrated enterprise with each other.  Additionally, all of the DEFENDANTS were

18  joint employers of PLAINTIFF.

19      10.   There exists, and at all times herein mentioned existed, a unity of interest and

20  ownership between the named DEFENDANTS, including DOES, such that any corporate

21  individuality and separateness between the named defendants has ceased, and that the named

22  Defendants are alter egos in that the named DEFENDANTS effectively operate as a single

23  enterprise, or are mere instrumentalities of one another.

24      11.   At all material times herein, each DEFENDANT was the agent, servant, co-

25  conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope,

26  and course of said agency, service, conspiracy and/or employment and with the express and/or

27  implied knowledge, permission, and consent of the remaining Defendants, and ratified and

28  approved the acts of the other DEFENDANTS.  However, each of these allegations are deemed

4                                    CLASS ACTION COMPLAINT

alternative theories whenever not doing so would result in a contradiction with the other allegations.

12. Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that DEFENDANTS engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of DEFENDANTS' ordinary business and affairs.

13. As to the conduct alleged herein, each act was authorized, ratified or directed by DEFENDANTS' officers, directors, or managing agents.

14. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

15. At all times relevant, including during the CLASS PERIOD, DEFENDANTS' operated an interstate transportation and shipping business using an integrated network of facilities and employed drivers throughout California and the united states. These drivers are integral to the operations of DEFENDANTS core business, as they were hired to timely deliver and pick-up goods, packages, and other freight based on the times, locations, and for amounts determined by DEFENDANTS.

16. DEFENDANTS retain the right to control the manner and means by which PLAINTIFF and CLASSMEMBERS perform their jobs. The PLAINTIFF and CLASSMEMBERS are assigned deliveries and locations for pick up each day. They work shifts

CLASS ACTION COMPLAINT

that are pre-determined by DEFENDANTS, sometimes assigned pre-determined routes, in which they service customers within specific geographic regions or serve whatever area their assignments take them. DEFENDANTS employ a variety of managerial employees who have supervisory responsibility over the PLAINTIFF and CLASSMEMBERS.

17.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS: direct the dispatches for PLAINTIFF and CLASSMEMBERS, unilaterally set the compensation to be paid to the PLAINTIFF and CLASSMEMBERS, unilaterally set the prices charged to their customers, and interact with the PLAINTIFF and CLASSMEMBERS on a daily basis.

18.     PLAINTIFF is informed and believes, and thereon alleges, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

19.     Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

20.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## JURISDICTION AND VENUE

21.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF worked within the State California, DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC is qualified to do business in California, and DEFENDANTS regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

22.     Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS

CLASS ACTION COMPLAINT

in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Angeles, and DEFENDANTS' illegal payroll policies and practices, which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated in the County of Los Angeles.

### CLASS ACTION ALLEGATIONS

23.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former drivers individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all drivers not classified as employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of the PLAINTIFF are typical of the class because DEFENDANTS subjected all of their drivers in the state of California to the identical violations of the California Labor Code and California Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

### CLASS ACTION

### FIRST CAUSE OF ACTION

#### Failure to Provide Required Meal Periods

#### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 9-2001, § 11]

#### (Against All DEFENDANTS)

24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

25.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their drivers all wages earned and due, DEFENDANTS required,

7

permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

26.     DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

27.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

28.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

<u>**SECOND CAUSE OF ACTION**</u>

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]**

**(Against All DEFENDANTS)**

29.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their drivers all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

31.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of

8

CLASS ACTION COMPLAINT

compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

32.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

**(Against All DEFENDANTS)**

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

35.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

36.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

37.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

**(Against All DEFENDANTS)**

38.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

39.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

40.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring,

CLASS ACTION COMPLAINT

1   permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

2   breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS

3   worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to

4   provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay

5   period; and other methods to be discovered.

6        41.    DEFENDANTS' conduct described herein violates California Labor Code §§

7   1194, 1197, and IWC Wage Order No. 9-2001, § 4.  As a proximate result of the aforementioned

8   violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to

9   proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1994.2,

10  1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders,

11  PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to

12  them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

13                   **FIFTH CAUSE OF ACTION**

14     **Failure to Pay All Wages Due to Discharged or Quitting Employees**

15            **[Cal. Labor Code §§ 201, 202, 203]**

16               **(Against All DEFENDANTS)**

17        42.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18  allegations in the foregoing paragraphs.

19        43.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are

20  required to pay all earned and unpaid wages to an employee who is discharged.  California Labor

21  Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued

22  and unpaid at the time of discharge are due and payable immediately.

23        44.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are

24  required to pay all accrued wages due to an employee no later than 72 hours after the employee

25  quits his or her employment, unless the employee provided 72 hours previous notice of his or her

26  intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

27        45.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

28  accordance with California Labor Code §§ 201 and 202, any wages of an employee who is

CLASS ACTION COMPLAINT

1   discharged or who quits, the employer is liable for waiting time penalties in the form of continued

2   compensation to the employee at the same rate for up to 30 workdays.

3        46.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

4   wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

5   California Labor Code §§ 201 and 202.

6        47.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

7   statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

8   together with interest thereon, as well as other available remedies.

9        48.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

10  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

11  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

12  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

13  to California Labor Code §§ 1194 and 2699

14  **SIXTH CAUSE OF ACTION**

15. **Failure to Maintain Required Records**

16  **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 9-2001, § 7]**

17  **(Against All DEFENDANTS)**

18       49.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

19  allegations in the foregoing paragraphs.

20       50.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

21  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

22  DEFENDANTS knowingly and intentionally failed to maintain records as required under

23  California Labor Code §§ 226, 1174, and IWC Wage Order No. 9-2001, § 7, including but not

24  limited to the following records: total daily hours worked by each employee; applicable rates of

25  pay; all deductions; meal periods; time records showing when each employee begins and ends

26  each work period; and accurate itemized statements.

27       51.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

28  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

CLASS ACTION COMPLAINT

1   trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally,

2   PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

3   but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

4   and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

5   provided in California Labor Code § 226(e), as well as other available remedies

6                                   **SEVENTH CAUSE OF ACTION**

7                        **Failure to Provide Accurate Itemized Wage Statements**

8                        **[Cal. Labor Code §§ 226; IWC Wage Order No. 9-2001, § 7]**

9                                   **(Against All DEFENDANTS)**

10          52.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

11  allegations in the foregoing paragraphs.

12          53.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

13  PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

14  writing showing each employee's gross wages earned, total hours worked, all deductions made,

15  net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and

16  CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

17  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

18  § 226 and IWC Wage Order No. 9-2001, § 7.

19          54.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

20  to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage

21  statements in accordance with California Labor Code § 226(a).

22          55.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

23  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

24  trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and

25  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

26  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

27  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

28  California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against All DEFENDANTS)**

56.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

57.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

58.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

59.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

**Unlawful Wage Deductions**

**[Cal. Labor Code §§ 221, 223, 400-410; IWC Wage Order No. 9-2001, § 8]**

**(Against All DEFENDANTS)**

60.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

CLASS ACTION COMPLAINT

61.    California Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

62.    California Labor Code § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

63.    California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

64.    California Labor Code §§ 400-410 provide the limited circumstances under which an employer can exact a cash bond from its employees and are designed to protect employees from taking or misappropriating employee funds held by the employer in trust.

65.    IWC Wage Order No. 9-2001, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

66.    These and related statutes reflect California's fundamental and substantial public policy protecting employee wages.  Specifically, these and related statutes are designed to prohibit and prevent employers from using deductions or other similar practices to drive down the wage scale, indirectly paying employees less than the stated wage, subjecting employees to unanticipated or unpredicted reductions in their wages, making employees the insurers of their employer's business losses, or otherwise passing the ordinary business losses of the employer onto the employee.

CLASS ACTION COMPLAINT

67.     During the CLASS PERIOD, DEFENDANTS routinely made unlawful deductions from the compensation paid to the PLAINTIFF and CLASS MEMBERS for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the PLAINTIFF's and CLASS MEMBERS' dishonest or willful act, or to the gross negligence of the PLAINTIFF and CLASS MEMBERS in violation of California Labor Code §§ 221, 222.5, 223, 400-410 and IWC Wage Order No. 9-2001, § 8.

68.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.     Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against All DEFENDANTS)

69.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

70.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements and to maintain required records, DEFENDANTS' practice of making unlawful deductions from employees' wages, and DEFENDANTS' failure and refusal to indemnify PLAINTIFF and

CLASS ACTION COMPLAINT

CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties constitutes unfair and unlawful business practices under California Business and Professions Code § 17200 *et seq.*

71.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

72.   DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.   Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

73.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.   DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

74.   DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, by their attorneys, respectfully pray for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF, including the value of the unlawfully converted tips, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4.    For liquidated damages pursuant to California Labor Code § 1194.2;

5.    For preliminary and permanent injunction enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful and unfair business practices complained of herein;

6.    For actual and/or statutory damages and/or penalties pursuant to California Labor Code § 226(e);

7.    For waiting time penalties pursuant to California Labor Code § 203;

8.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by California Labor Code §§ 226(e);

9.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287, 3288, and 3336, and/or any other applicable provision providing for pre-judgment interest;

10.   For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

11.   For declaratory relief;

12.   For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

13.   For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

14.   For such other and further relief that the Court may deem just and proper.

18                                    CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: August 2, 2019

Respectfully submitted,

**THE KICK LAW FIRM, APC**

By: _____

Taras Kick
Daniel J. Bass
Attorneys for Plaintiff ROBERT B. HALL,
individually, and on behalf of all others
similarly situated

CLASS ACTION COMPLAINT

# EXHIBIT 2

 CT Corporation

**Service of Process Transmittal**
09/17/2019
CT Log Number 536264983

TO: Matthew Endlish
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

RE: **Process Served in California**

FOR: FedEx Ground Package System, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT B. HALL, Individually and on behalf of all others similarly situated, Pltf. vs. FedEx Ground Package System, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA Case # 19STCV26934 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint for Failure to Provide Required Meal Periods |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/17/2019 at 12:49 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within You have 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Taras Kick THE KICK LAW FIRM, APC 815 Moraga Dr. Los Angeles, CA 90049 310-395-2988 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/18/2019, Expected Purge Date: 09/23/2019 |
| | Image SOP |
| | Email Notification,  Matthew Endlish  matthew.endlish@fedex.com |
| | Email Notification,  Susan Kernen  isopcomplaints@fedex.com |
| | Email Notification,  LISA SANTUCCI  lisa.santucci@fedex.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Robert B. Hall v. FedEx Ground Package System, Inc. et al | |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GHG CORPORATION, a Nevada Corporation; and DOES 1 through 100, inclusive,

Page __2__ of __2__

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

9/17/8 e 9.00

**SUM-100**

# COPY SUMMONS
## (CITACIÓN JUDICIAL)
By Fax

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware
Corporation; [Additional Parties Attachment form is attached.]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT B. HALL, individually, and on behalf of all others similarly
situated,

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 02 2019<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____, Deputy<br>Steven Drew |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 N. Hill Street<br>Los Angeles, California 90012 | CASE NUMBER<br>*(Número del Caso):* **19STCV26934** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Taras Kick and Daniel J. Bass, 815 Moraga Drive Los Angeles, California 90049, (310) 395-2988

| DATE:<br>*(Fecha):* **AUG 02 2019** | **Sherri R. Carter, Clerk** | Clerk, by<br>*(Secretario)* **STEVEN DREW** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fedex Ground Package System
    Inc. a Delaware Corporation
    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/17/19

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Page 1 of 1 |
| | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Taras Kick (State Bar No. 143379)
Daniel J. Bass (State Bar No. 287466)    By Fax
815 Moraga Drive
Los Angeles, California 90049
TELEPHONE NO.: (310) 395-2988    FAX NO.: (310) 395-2088
ATTORNEY FOR (Name): Robert B. Hall

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Robert B. Hall v. FedEx Ground Package System, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

CASE NUMBER:
19STCV26934

JUDGE:
DEPT:

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
☐ Auto (22)
☐ Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

Employment
☐ Wrongful termination (36)
☑ Other employment (15)

Contract
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

Real Property
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

Unlawful Detainer
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

Judicial Review
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
☐ Enforcement of judgment (20)

Miscellaneous Civil Complaint
☐ RICO (27)
☐ Other complaint (not specified above) (42)

Miscellaneous Civil Petition
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☑ Substantial amount of documentary evidence   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Ten (10)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/2/2019
Daniel J. Bass
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# COPY
## BY FAX

| SHORT TITLE: ROBERT B. HALL v. FEDEX GROUND PACKAGE SYSTEM, INC. et al | CASE NUMBER |
|---|---|
| | 19STCV26934 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: ROBERT B. HALL v. FEDEX GROUND PACKAGE SYSTEM, INC. et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: ROBERT B. HALL v. FEDEX GROUND PACKAGE SYSTEM, INC. et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: ROBERT B. HALL v. FEDEX GROUND PACKAGE SYSTEM, INC. et al | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Central_ _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _8/2/2019_

_____ (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **08/02/2019** Sherri R. Carter, Executive Officer / Clerk of Court By. _____ Steve Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 19STCV26934 |

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   Sherri R. Carter, Executive Officer / Clerk of Court

on 08/02/2019 _____
(Date)

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____).

Date: _____

_____          ➤   _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:            FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

Central District, Spring Street Courthouse, Department 12

19STCV26934                                              August 7, 2019
**ROBERT B. HALL vs FEDEX GROUND PACAKGE**              11:02 AM
**SYSTEM, INC., et al.**

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: Lori M'Greene         ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is scheduled for 10/11/2019 at 10:00 AM in Department 12 at Spring Street Courthouse. Counsel for all parties are ordered to attend IN PERSON.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered topics. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Civil Division
Central District, Spring Street Courthouse, Department 12

19STCV26934                                                     August 7, 2019
**ROBERT B. HALL vs FEDEX GROUND PACAKGE**                      11:02 AM
**SYSTEM, INC., et al.**

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: Lori M'Greené         ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to
add additional class representatives, and, if so, the name(s) and date by which these class
representatives will be added. Indicate whether any plaintiff presently intends to name additional
defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate
whether any appearing defendant presently intends to file a cross-complaint and, if so, the names
of cross-defendants and the date by which the cross-complaint will be filed.

4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or
entity, please explain why the named defendant is improperly named and the proposed procedure
to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or
more named plaintiffs might not be an adequate class representative, including reasons of
conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles
County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these
responses.

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases
with overlapping class definitions. Please identify the court, the short caption title, the docket
number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER
CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any
relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe
the significant core issues in the case, and then identify efficient ways to resolve those issues,
including one or more of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 12

19STCV26934                                                August 7, 2019
**ROBERT B. HALL vs FEDEX GROUND PACAKGE**                 11:02 AM
**SYSTEM, INC., et al.**

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: Lori M'Greené            ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

Motions for summary judgment and summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class
contact information from defendant's records is necessary in this case and, if so, whether the
parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v.
Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure,
including allocation of cost and the necessity of a third party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information
from general disclosure should begin with the model protective orders found on the Los Angeles
Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan,
summarize each side's views on discovery. The court generally allows discovery on matters
relevant to class certification, which (depending on circumstances) may include factual issues
also touching the merits. The court generally does not permit extensive or expensive discovery
relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a
persuasive showing establishes early need. If any party seeks discovery from absent class
members, please estimate how many, and also state the kind of discovery you propose (See
California Rule of Court, Rule 3.768).

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or
reimbursement, and (2) whether there are any insurance coverage issues which might affect
settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's
position about it. If pertinent, how can the court help identify the correct neutral and prepare the
case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the
following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines and descriptions for other anticipated non-discovery motions.

16. ELECTRONIC SERVICE OF PAPERS: For efficiency the complex program requires the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 12

19STCV26934                                          August 7, 2019
ROBERT B. HALL vs FEDEX GROUND PACAKGE               11:02 AM
SYSTEM, INC., et al.

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: Lori M'Greené         ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

---

parties in every new case to use a third-party cloud service. Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor and submit a proposed order. (The Court suggests contacting the vendor for a draft form of order.) If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail" (California Rule of Court, Rule 3.770(a)). If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Reminder When Seeking Approval of a Settlement:

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however it stays all outstanding discovery requests.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 12

19STCV26934                                           August 7, 2019
**ROBERT B. HALL vs FEDEX GROUND PACAKGE**           11:02 AM
**SYSTEM, INC., et al.**

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: Lori M'Greené         ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil
Procedure Section 170.6.

Counsel are directed to access information on procedures in the Complex Litigation Program
courtrooms on the Court's website at www.lacourt.org.

Pursuant to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or if counsel
has not been identified, on all parties, within five (5) days of service of this order. If any
defendant has not been served in this action, service is to be completed within twenty (20) days
of the date of this Order. The plaintiff must file a Proof of Service in this department within
seven days of service.

If all parties have been served, have conducted the required meet and confer, and are ready to
fully participate in the status conference prior to the assigned date, counsel may contact the clerk
of Department 12, Spring Street Courthouse and request an earlier date for the Initial Status
Conference.

IT IS SO ORDERED:
**CAROLYN B. KUHL, JUDGE**
**COMPLEX CIVIL LITIGATION**

CAROLYN B. KUHL
Judge of the Superior Court

DATED: August 7, 2019

Counsel below is to provide notice to all parties.

Certificate of Mailing is attached.

---

Minute Order                                          Page 5 of 5

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/07/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Lori M'Greené _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Robert B. Hall | |
| DEFENDANT/RESPONDENT:<br>Fedex Ground Pacakge System, Inc. et al | |
| CERTIFICATE OF MAILING | CASE NUMBER:<br>19STCV26934 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (COURT ORDER REGARDING NEWLY FILED CLASS ACTION) of 08/07/2019 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Taras Kick
The Kick Law Firm
815 Moraga Dr
Los Angeles, CA  90049

Dated: 08/7/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _Lori M'Greené_
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 3

ORIGINAL

SSC-12

By Fax

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| THE KICK LAW FIRM, APC<br>Taras Kick (State Bar No.143379)<br>815 Moraga Drive,<br>Los Angeles, California 90049<br>*Telephone No:* 310-395-2988<br><br>*Attorney For:* Plaintiff<br>*Ref. No. or File No.:* | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 0 1 2019<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Steven Drew |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES

Plaintiff: ROBERT B. HALL, individually, and on behalf of all others similarly situated,
Defendant: FEDEX GROUND PACKAGE.SYSTEM, INC., a Delaware Corporation; et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>19STCV26934 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summon, Class Action Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location), Notice of Case Assignment- Unlimited Civil Case, Voluntary Efficient Litigation Stipulations; Stipulation-Discovery Resolution; Stipulation-Early Organizational Meeting; Informal Discovery Conference; Stipulation And Order-Motions In Limine; Alternative Dispute Resolution (ADR) Information Package, Minute Orde re: Court Order Regarding Newly Filed Class Action, Certificate of Mailing

3. *a. Party served:* FEDEX GROUND PACKAGE SYSTEM, INC, a Delaware Corporation
   *b. Person served:* DAISY MONTENEGRO, CT CORPORATION SYSTEM, REGISTERED AGENT

4. *Address where the party was served:* 818 W. 7th St. Suite 930, Los Angeles, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Sep 17 2019 (2) at *(time)*: 09:00 AM

   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: FEDEX GROUND PACKAGE SYSTEM, INC, a Delaware Corporation
      under the following Code of Civil Procedure section:
      [X] 416.10 (corporation)          [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)   [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)          [ ] 415.46 (occupant)
      [ ] other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

3774464 (
4123260)
Page 1 of 2

| Attorney or Party without Attorney: <br> THE KICK LAW FIRM, APC <br> Taras Kick (State Bar No.143379) <br> 815 Moraga Drive, <br> Los Angeles, California 90049 <br> Telephone No: 310-395-2988 <br> Attorney For: Plaintiff | For Court Use Only |
|---|---|

| Ref. No. or File No.: | |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES

Plaintiff: ROBERT B. HALL, individually, and on behalf of all others similarly situated,
Defendant: FEDEX GROUND PACKAGE.SYSTEM, INC., a Delaware Corporation; et al.

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 19STCV26934 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Douglas Forrest
   b. Address: **FIRST LEGAL**
   1517 W. Beverly Blvd.
   LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee for service was:** $107.44
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 5141
   (iii) County: Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 09/19/2019 | |
|---|---|
| *(Date)* | *Douglas Forrest* |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

3774464 (
4123260)
Page 2 of 2

EXHIBIT 4

COPY

1  SHAUN J. VOIGT, SBN 265721
   E-Mail svoigt@fisherphillips.com
2  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
3  Los Angeles, California 90071
   Telephone: (213) 330-4500
4  Facsimile: (213) 330-4501

5  Attorneys for Defendant,
   FEDEX GROUND PACKAGE SYSTEM, INC.

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
~~~~~~~~~~~

OCT 16 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
   Steven Drew

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  ROBERT B. HALL, individually, and on        CASE NO.:  19STCV26934
    behalf of all others similarly situated,     [Unlimited Jurisdiction]
12
                    Plaintiff,
13                                               DEFENDANT FEDEX GROUND
         v.                                      PACKAGE SYSTEM, INC.'S ANSWER
14                                               AND AFFIRMATIVE DEFENSES TO
    FEDEX GROUND PACKAGE SYSTEM,                 PLAINTIFF'S UNVERIFIED COMPLAINT
15  INC., a Delaware Corporation; GHG
    CORPORATION, a Nevada Corporation;
16  and DOES 1 through 100, inclusive,           Assigned for all purposes to the
                                                 Honorable Hon. Carolyn B. Kuhl, Dept. 12
17                  Defendants.
                                                 Complaint Filed: August 2, 2019
18                                               Trial Date:      Not set

19

20       Defendant FedEx Ground Package System, Inc. ("Defendant") responds to Plaintiff

21  Robert B. Hall's ("Plaintiff") unverified complaint executed and filed in this action on or about

22  August 2, 2019 (hereinafter, the "Complaint") as follows:

23                                    **ANSWER**

24       Pursuant to California *Code of Civil Procedure* section 431.30(d), Defendant generally

25  denies each and every allegation and cause of action in Plaintiff's Complaint. Defendant further

26  denies that Plaintiff is entitled to the relief requested or that Plaintiff has been or will be damaged

27  in any sum, or at all, by reason of any act or omission on the part of Defendant.

28  //

                                             1
          DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSES**

Defendant further asserts the following affirmative defenses, without waiving, and specifically reserving, the right to add additional defenses.   Throughout the "Affirmative Defenses" set forth below, the term "Plaintiffs" includes both Plaintiff Robert B. Hall and any member of any putative class or representative group on whose behalf he seeks to bring the claims in the Complaint, and the term "Named Plaintiff" refers specifically to Robert B. Hall.

**FIRST AFFIRMATIVE DEFENSE**

1.      Defendant was neither the employer of Named Plaintiff nor the employer of the putatively represented individuals, and thus did not: (a) exercise control over the wages, hours, or working conditions of Plaintiff and/or the putatively represented individuals; (b) suffer or permit Plaintiff and/or the putatively represented individuals to work; and (c) engage, or otherwise create a common law employment relationship with Plaintiff and/or the putatively represented individuals.

**SECOND AFFIRMATIVE DEFENSE**

2.      Defendant was neither the employer of Named Plaintiff nor the employer of the putatively represented individuals, and thus cannot be liable for any alleged Labor Code violations committed by the true employer(s) of Named Plaintiff and the putatively represented individuals.

**THIRD AFFIRMATIVE DEFENSE**

3.      Defendant cannot be liable for any alleged Labor Code violations committed by the true employer(s) of Named Plaintiff and the putatively represented individuals because the true employer(s) of Named Plaintiff and the putatively represented individuals agreed and were obligated to comply with the Labor Code pursuant to their written agreements with Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Named Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action upon which relief may be granted against Defendant.

//

DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

### FIFTH AFFIRMATIVE DEFENSE

5.     Named Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: California Code of Civil Procedure sections 335.1, 337, 340(a), (b), 338(a), 339, and 343, and Labor Code section 2699.3.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I., Section 15 of the California Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Adjudication of Named Plaintiff's claims through generalized class-wide or representative proof would violate Defendant's rights to due process and trial by jury, guaranteed by the United States and California Constitutions.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Named Plaintiff's claims for penalties must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent/related case law.

### NINTH AFFIRMATIVE DEFENSE

9.     Any amounts that Named Plaintiff claims are owed to him are offset to the extent there are amounts owed to Defendant by Named Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

10.     Named Plaintiff's claims for "waiting time" penalties pursuant to Section 203 of the California Labor Code are barred because any failure to pay wages upon separation of employment was not willful, and the wages Named Plaintiff claims were not paid upon separation from employment were subject to a good faith dispute of fact or law as to whether such wages were owed.

//

//

//

//

DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred because the alleged acts and/or omissions that triggered such liability, if any, were not authorized, suffered, or permitted by Defendant or occurred without Defendant's knowledge, consent or control.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred to the extent they are subject to a legally enforceable compromise and/or release of any causes of action asserted in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Any recovery on Named Plaintiff's Complaint or any cause of action therein related (directly or indirectly as a derivative claim) to unpaid time worked, including overtime, is barred on the ground that any such time worked was unauthorized by Defendant, was performed without Defendant's consent, was performed without Defendant's actual or constructive knowledge, and was contrary to Defendant's express policies and procedures related to the recording of time worked and payment for such time.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The acts and/or omissions of the other named defendant and the unnamed "Doe" defendants of which Named Plaintiff complains were all undertaken outside the scope of such defendants' agency and/or employment with this answering Defendant, and were undertaken without the knowledge or consent of this answering Defendant, and this answering Defendant may not be held liable for such acts and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant's alleged conduct toward Named Plaintiff was at all times justified and undertaken in a good faith belief that Defendant was in full compliance with the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred because the alleged acts and/or omissions that

1    triggered such liability, if any, were not authorized, suffered, or permitted by Defendant or

2    occurred without Defendant's knowledge, consent or control.

3                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

4    17.    The claims of Named Plaintiff and the putatively represented individuals for

5    penalties pursuant to for alleged violations of Cal. Lab. Code § 226 are barred because Named

6    Plaintiff and the putatively represented individuals were furnished with accurate itemized wages

7    statements by their employers, and they were not injured by any failure by Defendant or their

8    employers to furnish such wage statements.

9                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

10   18.    The claims of Named Plaintiff and the putatively represented individuals pursuant

11   to Cal. Lab. Code § 226 are barred on the ground that any violations of such statute were not

12   knowing and/or intentional.

13                   **NINETEENTH AFFIRMATIVE DEFENSE**

14   19.    Should Defendant be found to have been the employer of Plaintiff and/or the

15   putatively represented individuals (which it was not), the claims of Plaintiff and the putatively

16   represented individuals are barred on the ground that they were exempt from the law, statutes or

17   regulations on which such claims are based, including pursuant to Section 1 of the applicable

18   Wage Order (No. 9-2001) of the California Industrial Welfare Commission, 8 Cal. Code Regs.

19   §§ 11090(1) (or related provisions of any other Wage Orders that may apply), and/or during times

20   when they worked for Defendant in positions that were exempt pursuant to such provisions.

21                   **TWENTIETH AFFIRMATIVE DEFENSE**

22   20.    The claims of Named Plaintiff and the putatively represented individuals are

23   barred on the ground that they were not employed by Defendant, jointly or otherwise, and

24   Defendant is not otherwise responsible for the employment actions and practices of which Named

25   Plaintiff and the putatively represented individuals complain.

26   //

27   //

28   //

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The claims of Named Plaintiff and the putatively represented individuals are barred by Named Plaintiff's failure to exhaust internal, contractual, statutory, regulatory, and administrative grievance procedures.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Named Plaintiff and the putatively represented individuals are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     By their conduct, Named Plaintiff and the putatively represented individuals have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The claims of Named Plaintiff and the putatively represented individuals are barred by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     If the injuries and/or alleged damages in the Complaint occurred at all, such injuries and/or alleged damages were caused by and/or contributed to by Named Plaintiff's and the putatively represented individuals' own acts, omissions and/or failures to act.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The claims of Named Plaintiff and the putatively represented individuals are barred under the doctrines of collateral estoppel and *res judicata*.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     The claims of Named Plaintiff and the putatively represented individuals are barred by the doctrines of accord and satisfaction.

//

//

DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The claims of Named Plaintiff and the putatively represented individuals are barred by the doctrine of avoidable consequences.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The claims of Named Plaintiff and the putatively represented individuals are barred by the failure of Named Plaintiff and the putatively represented individuals to mitigate damages and/or losses.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Should Defendant be found to have been the employer of Named Plaintiff and/or the putatively represented individuals (which it was not), Named Plaintiff's causes of action, and the causes of action of the putatively represented individuals are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred, in whole or in part, because Named Plaintiff and the putatively represented individuals knowingly submitted to, consented to, and acquiesced in the actions alleged in the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Should Defendant be found to have been the employer of Named Plaintiff and/or the putatively represented individuals (which it was not), Named Plaintiff's causes of action, and the causes of action of the putatively represented individuals are preempted, in whole or in part, by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. sections 14501, *et seq.*, including (but not limited to) on the grounds that Named Plaintiff's claims and the laws on which they are premised relate to price(s), route(s), and/or service(s) of a motor carrier and/or motor carriers.

//

//

DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.     Should Defendant be found to have been the employer of Named Plaintiff and/or the putatively represented individuals (which it was not), Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred on the ground that Named Plaintiff and the putatively represented individuals were exempt from overtime pursuant to Wage Order 9-2001 of the California Industrial Welfare Commission, 8 Cal. Code Regs. § 11090(3)(L)(1) (exempting from overtime drivers regulated by the hours of service provisions of regulations promulgated by the U.S. Dept. of Transportation).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.     Should Defendant be found to have been the employer of Named Plaintiff and/or the putatively represented individuals (which it was not), Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred on the ground that Named Plaintiff and the putatively represented individuals were exempt from overtime pursuant to Wage Order 9-2001 of the California Industrial Welfare Commission, 8 Cal. Code Regs. § 11090(3)(L)(2) (exempting from overtime drivers regulated by the driver hours provisions of regulations promulgated by California Highway Patrol).

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.     Named Plaintiff's causes of action, and the causes of action on behalf of the putatively represented individuals are barred on the ground that Named Plaintiff and the putatively represented individuals were paid consistent with applicable law by the Independent Service Provider that employed them.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.     Named Plaintiff and the putatively represented individuals were employed by incorporated businesses whose obligation it was to perform the services in question and, as such, those incorporated businesses, not Defendant, were responsible for ensuring compliance with applicable law, including ensuring that Named Plaintiff and the putatively represented individuals were properly compensated, and those incorporated businesses are necessary and indispensable to this action.

1

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2      37.    Named Plaintiff's causes of action, and the causes of action on behalf of the

3  putatively represented individuals are barred because Named Plaintiff and the putatively

4  represented individuals were paid consistent with the California Labor Code and other applicable

5  law by their true employer(s) (not Defendant) that employed them.

6

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7      38.    As to Named Plaintiff and the putatively represented individuals who performed

8  allegedly compensable work outside the geographic boundaries of the State of California, the

9  California Labor Code does not apply to such work, there is no personal jurisdiction over

10  Defendant for claims arising out of such work, and venue is improper in this Court as to such

11  work.

12

### THIRTY-NINTH AFFIRMATIVE DEFENSE

13      39.    Named Plaintiff's causes of action, and the causes of action on behalf of the

14  putatively represented individuals are barred because Plaintiff and putatively represented

15  individuals were exempt from overtime pursuant to the Motor Carrier Exemption set forth in the

16  Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(b)(11), because they: (1) were employed

17  by carriers whose transportation of property by motor vehicle is subject to his jurisdiction under

18  section 204 of the Motor Carrier Act (49 U.S.C. §§ 13102, *et seq.*); and (2) were engaged in

19  activities of a character directly affecting the safety of operation of motor vehicles in the

20  transportation on the public highways of property in interstate or foreign commerce within the

21  meaning of the Motor Carrier Act.

22

### FORTIETH AFFIRMATIVE DEFENSE

23      40.    Named Plaintiff's claims and the claims of the putatively represented individuals

24  related to California laws concerning meal and rest periods are barred on the ground that such

25  laws are unenforceable and preempted, based on the Federal Motor Carrier Safety

26  Administration's ("FMCSA") December 21, 2018 determination, pursuant to its authority

27  established by 49 U.S.C. § 31141(c), that such laws are preempted as to property-carrying

28  commercial motor vehicle drivers covered by the FMCSA's hours of service regulations. *See*

1  California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Order Granting

2  Petition for Determination of Preemption, 83 Fed. Reg. 67470, 67470 (Dec. 28, 2018) (docket

3  No.                    FMCSA-2018-0304,                    available                    at:

4  https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/regulations/440601/california-meal-

5  and-rest-break-rules-preemption-determination.pdf); *see also Ayala v. U.S. Xpress Enterprises,*

6  *Inc., et al.,* No. 16-cv-00137 (C.D. Cal. May 2, 2019, ECF No. 242).

### FORTY-FIRST AFFIRMATIVE DEFENSE

8      41.    Named Plaintiff's claims and the claims of the putatively represented individuals

9  related to California laws concerning meal and rest periods are barred on the ground that such

10  laws are unenforceable and preempted, based on the Pipeline and Hazardous Materials Safety

11  Administration's ("PHMSA") September 21, 2018 determination, pursuant to its authority

12  established by 49 U.S.C. § 31141(c), that such laws are preempted as to drivers of motor vehicles

13  that are transporting hazardous materials pursuant to 49 CFR 397.5(a) and motor carriers who

14  are required to file a security plan under the Hazardous Materials Transportation Act, 49 CFR

15  172.800, and who have filed security plans requiring constant attendance of hazardous materials.

16  *See* Notice of Administrative Determination of Preemption, 83 FR 47961 (Sept. 21, 2018)

17  (Docket       No.       PHMSA-2016-0097       PD-38(R),       available       at:

18  https://www.federalregister.gov/documents/2018/09/21/2018-20542/hazardous-materials-

19  california-meal-and-rest-break-requirements).

### FORTY-SECOND AFFIRMATIVE DEFENSE

21      42.    Defendant has not willfully failed to pay any wages or monies claimed due, and

22  there is a good faith dispute regarding Defendant's obligation to pay any sum that may be alleged

23  to be due.

### FORTY-THIRD AFFIRMATIVE DEFENSE

25      43.    Named Plaintiff's causes of action, and the causes of action on behalf of the

26  putatively represented individuals are barred, in whole or in part, by their failure to properly

27  report or document their time worked.

28  //

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     The harm allegedly suffered by Named Plaintiff and the putatively represented individuals was proximately caused by persons or entities other than Defendant, including but not limited to Independent Service Providers.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     Even assuming Cal. Lab. Code § 226(a) applies, any violations of same were not knowing and/or intentional.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     Even assuming Cal. Lab. Code § 226(a) applies, neither Named Plaintiff nor any putatively represented individuals suffered any injury as a result of a knowing and intentional failure to comply with Cal. Lab. Code § 226(a).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Even if Named Plaintiff proves that Defendant was his employer and that of the putatively represented individuals, the alleged violations of the Labor Code and other laws did not occur and/or are not actionable.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     Even if Named Plaintiff proves that Defendant was his employer and that of the putatively represented individuals, and actionable violations of the Labor Code and other laws occurred as alleged, neither Named Plaintiff nor the putatively represented individuals are entitled to all forms and amounts of relief that Named Plaintiff seeks.

### FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Any violations of Cal. Lab. Code §§ 201-202 were not willful.  Moreover, for purposes of penalties pursuant to Cal. Lab. Code § 203, any failure to pay wages on the "separation" of alleged "employment" was subject to a good faith dispute of fact or law.

### FIFTIETH AFFIRMATIVE DEFENSE

50.     Named Plaintiff and the putatively represented individuals cannot establish any right to monetary relief, or, if any, the monetary relief available is *de minimis* and therefore not actionable.

11

### FIFTY-FIRST AFFIRMATIVE DEFENSE

51.     Defendant reserves the right to seek contribution or indemnification from other parties whose actions contributed to or caused the harm allegedly suffered by Named Plaintiff and the putatively represented individuals, which harm is specifically denied.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

52.     Named Plaintiff does not and cannot fairly and adequately protect the interests of the putatively represented individuals.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

53.     Named Plaintiff's allegations are barred as a matter of law because Named Plaintiff lacks standing, and thus, cannot represent the interests of the putatively represented individuals as to each purported cause of action in the Complaint.

### PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Named Plaintiff take nothing by reason of the Complaint, and that the Complaint be dismissed with prejudice;

2.     That the Court decline to certify any claims in the Complaint or otherwise allow them to proceed as collective or representative claims;

3.     That judgment be entered in favor of Defendant and against Named Plaintiff, on all causes of action;

4.     For attorney's fees and costs of suit; and

5.     For such other and further relief as the Court may deem just and proper.

DATE: October 16, 2019                     FISHER & PHILLIPS LLP

By: _____ for Shaun Voigt
SHAUN J. VOIGT
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

DEFENDANT FEDEX GROUND'S ANSWER AND AFFIRMATIVE DEFENSES

1
2

<div align="center">

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

</div>

3

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

4
5
6
7

On October 16, 2019, I served the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

8
9
10
11

| | |
|---|---|
| Taras Kick | Attorneys for Plaintiff |
| Daniel J. Bass | ROBERT B. HALL |
| THE KICK LAW FIRM, APC | |
| 815 Moraga Drive | Tel:  310.395.2988 |
| Los Angeles, CA 90049 | Fax: 310.395.2088 |
| | Email: Taras@kicklawfirm.com |
| | Daniel@kicklawfirm.com |

12
13
14
15

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

16
17

☐    **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s).  The machine printed a record of the transmission, and no error was reported by the machine.

18
19
20

☐    **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

21
22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed October 16, 2019, at Los Angeles, California.

24
25

MELODY BIGLAY                              By: _____
_____
Print Name                                                                                    Signature

26
27
28

<div align="center">

13
PROOF OF SERVICE

</div>

Superior Court of California

County of Los Angeles

111 North Hill Street

Los Angeles, CA 90012

**Receipt No:** ST-2019-0271562.1

**Payor:**      Nationwide Legal, LLC

**Date:**       10/16/2019

**Time:**       3:35 PM

CASE # 19STCV26934

ROBERT B. HALL vs FEDEX GROUND

| | |
|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 1,435.00 |
| **Case Total:** | 1,435.00 |

| | | |
|---|---|---|
| Check #: 1834 | | 1,435.00 |
| 618760 | **Total Paid:** | 1,435.00 |
| | Change | 0.00 |

**Balance :**                                                   0.00

# EXHIBIT 5

12

# ORIGINAL

**By Fax**

1  TARAS KICK (SBN 143379)
   DANIEL BASS (SBN 287466)
2  ROY K. SUH (SBN 283988)
   **THE KICK LAW FIRM, APC**
3  815 Moraga Drive
   Los Angeles, California 90049
4  Telephone:    (310) 395-2988
   Facsimile:    (310) 395-2088
5
   Attorneys for Plaintiff ROBERT B.
6  HALL, individually, and on behalf of
   all others similarly situated
7

**FILED**
Superior Court of California
County of Los Angeles

**OCT 0 4 2019**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
        Isaac Lovo

8
9       SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

        CENTRAL DISTRICT - SPRING STREET COURTHOUSE
10

11  ROBERT B. HALL, individually, and on behalf
    of all others similarly situated,
12

13                        Plaintiff,

14              vs.

15  FEDEX GROUND PACKAGE SYSTEM,
    INC., a Delaware Corporation; GHG
16  CORPORATION, a Nevada Corporation; and
    DOES 1 through 100, inclusive,
17

18                        Defendants.

Case No. 19STCV26934
*Assigned for all purposes to the Honorable
Carolyn B. Kuhl, Dept. 12*

**PLAINTIFF'S INITIAL STATUS
CONFERENCE CLASS ACTION RESPONSE
STATEMENT IN ADVANCE OF THE
OCTOBER 11, 2019 INITIAL STATUS
CONFERENCE**

ISC Date:        October 11, 2019
Time:            10:00 a.m.
Department:      SSC-12

Action Filed:    August 2, 2019

19
20
21
22
23
24
25
26
27
28

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

1

## PLAINTIFF'S ISC CLASS ACTION RESPONSE STATEMENT

**TO THE HONORABLE COURT, PARTIES AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Court's August 7, 2019 Order Regarding Newly Filed Class Action, Plaintiff Robert B. Hall ("Plaintiff"), individually, and on behalf of all others similarly situated submits the following Plaintiff's Initial Status Conference Class Action Response Statement in advance of the 10:00 a.m., October 11, 2019 Initial Status Conference ("ISC").

As an initial matter Plaintiff, following multiple unsuccessful attempts to serve Defendant GHG CORPORATION. ("GHG") and with no word from counsel for FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx"), served on September 17, 2019, would request that the October 11, 2019 Initial Status Conference, be continued for about 90 days to a date convenient to the Court so that Defendant GHG may be served, so both Defendants may respond to the process of service, enter their appearance, and the Parties may discuss several initial matters as is further detailed below.

**1.      PARTIES, COUNSEL AND ISSUES:**

**Plaintiff and Counsel.** Plaintiff is the only presently-named class representative. Plaintiff's counsel consist of Taras Kick (SBN 143379), Taras@kicklawfirm.com; Daniel Bass (SBN 287466), Daniel@kicklawfirm.com; and Roy K. Suh (SBN 283988), Roy@kicklawfirm.com who may be contacted at The Kick Law Firm, APC, 815 Moraga Drive, Los Angeles, California  90049; Telephone: (310) 395-2988; Facsimile: (310) 395-2088.

**2.      STATUS OF PLEADINGS:**

**Plaintiff's Response.** With regard to Defendants, Plaintiff has been unable to serve Defendant GHG as of the date of this statement. Defendant GHG is not licensed in California and its address of service of process according to the Nevada Secretary of State where it is licensed, is a post office box. Plaintiff is continuing his attempts to serve Defendant GHG and will file a Proof of Service as soon as service has been perfected.

**3.      POTENTIAL ADDITIONAL PARTIES:**

**Plaintiff's Response.** Plaintiff does not presently intend to add additional class-representatives or any additional defendants, but reserve their rights to do so, as appropriate.

//

1

**4.     IMPROPERLY NAMED DEFENDANT(S):**

**Plaintiff's Response.** Plaintiff believes that Defendants are properly named and has heard no information to the contrary.

**5.     ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**

**Plaintiff's Response.** Plaintiff contends he is an adequate class representative because Defendants misclassified him like other drivers under relevant provisions of the Labor Code and therefore Plaintiff brings the instant case against Defendants, individually, and on behalf of all others similarly situated.

**6.     ESTIMATED CLASS SIZE:**

**Plaintiff's Response.** Plaintiff believes the number of class members to be significant, though pending discovery, Defendants are in a better position to answer questions about the potential class size.

**7.     OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

**Plaintiff's Response.** Plaintiff is unaware of any such currently pending cases with overlapping class definitions.

**8.     POTENTIALLY   RELEVANT   ARBITRATION   AND/OR   CLASS   ACTION WAIVER CLAUSES:**

**Plaintiff's Response.** Plaintiff is not aware of any arbitration agreement or class action waiver which would be applicable to the current matter.

**9.     POTENTIAL EARLY CRUCIAL MOTIONS:**

**Plaintiff's Response.** Plaintiff does not currently intend to file any early crucial motions, but reserves such right depending on information learned in discovery or otherwise, including moving for default should Defendants not enter an appearance. Further, Plaintiff will move for class certification following discovery.

**10.    CLASS CONTACT INFORMATION:**

**Plaintiff's Response.** Plaintiff intends to seek putative class member contact information from Defendants as part of pre-certification discovery. If Defendants demand it, Plaintiff is willing to engage in the so-called *Belaire-West* notice and opt-out process, using an agreed-upon third-party administrator, with costs borne equally between the Parties.

//

2

1     **11.    PROTECTIVE ORDERS:**

2     **Plaintiff's Response.** Plaintiff does not believe any protective orders are necessary to protect

3     confidential information currently but is agreeable to use of the Los Angeles Superior Court's model

4     protective order should one become necessary.

5     **12.    DISCOVERY:**

6     **Plaintiff's Response.** Plaintiff intends to propound written discovery requests including (1)

7     demands for production of documents; (2) specially prepared and/or form interrogatories; and (3) requests

8     for admissions. As part of his demands for production, Plaintiff intends to seek a reasonable sampling of

9     putative class member time and corresponding payroll records to further investigate and offer proof of

10    Defendants' recordkeeping and wage payment practices. As noted above, Plaintiff also intends to conduct

11    discovery via communications with putative class members. Upon receipt of Defendants' discovery

12    responses and document production, Plaintiff intends to depose Defendants' persons most qualified and

13    other managers (e.g., payroll, human resources, and managing agents) in preparation for filing a motion

14    for class certification.

15    **13.    INSURANCE COVERAGE:**

16    **Plaintiff's Response.** Plaintiff is unaware of insurance coverage or policies that may affect this

17    matter.

18    **14.    ALTERNATIVE DISPUTE RESOLUTION:**

19    **Plaintiff's Response.** Plaintiff is willing to engage in private mediation if Defendants provide

20    Plaintiff with discovery responses and document production sufficient to allow Plaintiff to act intelligently

21    during settlement negotiations.

22    **15.    TIMELINE FOR CASE MANAGEMENT:**

23    **Plaintiff's Response.** Given the complexity of the instant case including, the potentially

24    voluminous discovery, a potential notice and opt-out procedure, and the likelihood of pre-certification

25    discovery disputes that often arise in cases with sizable putative classes, Plaintiff recommends the

26    following dates should the court not continue the currently scheduled ISC:

27          i.    <u>Next status conference.</u> 90 days from the ISC with a joint report filed five

28    court days in advance thereof.

<div align="center">3</div>

1          ii.     Filing deadline for a motion for class certification. Plaintiffs recommend

2 that the Court allow the Parties to submit a proposed motion for class certification filing deadline in

3 conjunction with a joint report to be filed in advance of the next status conference when the Parties will

4 be in a better position to assess the state of pre-certification discovery or, alternatively, and subject to

5 Plaintiffs' right to request a continuance based on factors including the state of precertification discovery,

6 240 days from the ISC.

7          iii.    Joint Motion and [Proposed Order] Authorizing *Belaire-West* Neutral

8 Mailing. To the extent that Defendants object to the disclosure of putative class member identities and

9 contact information via written discovery answers, Plaintiffs recommend that the Court allow the Parties

10 to submit a motion authorizing an agreed-upon third-party administrator to contact putative class members

11 via the so-called *Belaire-West* notice and opt-out procedure within 14 days of the ISC.

12     **16.**    **ELECTRONIC SERVICE OF PAPERS:**

13     **Plaintiff's Response.** Plaintiff proposes that the Parties and the Court use Case Anywhere as the

14 third-party cloud service.

15 DATED: October 4, 2019                   Respectfully submitted,

16                                    **THE KICK LAW FIRM, APC**

17

18                         By: _____

18                            TARAS KICK

19                            DANIEL BASS
                             ROY K. SUH

20                            Attorneys for Plaintiff ROBERT B. HALL,
                           individually, and on behalf of all others similarly

21                            situated

22

23

24

25

26

27

28

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/10/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Michelle Miro |
| PLAINTIFF(S):<br>Robert B. Hall | |
| DEFENDANT(S):<br>Fedex Ground Pacakge System, Inc. et al | |
| **NOTICE RE: CONTINUANCE OF HEARING AND ORDER** | CASE NUMBER:<br>19STCV26934 |

TO THE PLAINTIFF(S) AND ATTORNEY(S) OF RECORD AND / OR PARTIES IN PROPRIA PERSONA:

You are hereby notified that the <u>Initial Status Conference</u>

previously set for hearing on <u>10/11/2019</u> in <u>Department 12</u> has been reset for

hearing in the same department on <u>01/08/2020</u> at <u>1:45 PM</u>.

---

**ORDER**

You are ordered to give notice by mail forthwith of such fact to all parties and to file proof of service of such

notice forthwith in the assigned department, located at <u>Spring Street Courthouse</u>

<u>312 North Spring Street, Los Angeles, CA 90012</u>.

Dated: <u>10/10/2019</u>

_Carolyn B. Kuhl_

Carolyn B. Kuhl / Judge

Judicial Officer

**NOTICE RE: CONTINUANCE OF HEARING AND ORDER**

LACIV XXX
LASC Approved 00-00

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/10/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Michelle Miro |
| PLAINTIFF/PETITIONER:<br>Robert B. Hall | |
| DEFENDANT/RESPONDENT:<br>Fedex Ground Pacakge System, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV26934 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice Re: Continuance of Hearing and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Taras Kick
The Kick Law Firm
815 Moraga Dr
Los Angeles, CA  90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>10/10/2019</u>

By: <u>  Michelle Miro  </u>
Deputy Clerk

**CERTIFICATE OF MAILING**

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On October 15, 2019, I served the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE AND PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Taras Kick | Attorneys for Plaintiff |
| Daniel J. Bass | ROBERT B. HALL |
| THE KICK LAW FIRM, APC | |
| 815 Moraga Drive | Tel: 310.395.2988 |
| Los Angeles, CA 90049 | Fax: 310.395.2088 |
| | Email: Taras@kicklawfirm.com |
| | Daniel@kicklawfirm.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 15, 2019, at Los Angeles, California.

MELODY BIGLAY _____     By: */s/ Melody Biglay* _____
Print Name                                                          Signature

13

19674

FP 36280611.2